UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ANTHONY PHONTHANY,                                          08-CV-1066-TC

        Plaintiff,

    v.                                                   FINDINGS AND RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        Defendant.

COFFIN, Magistrate Judge:

### Introduction

Plaintiff Anthony Phonthany brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) (the Act), to obtain judicial review of a final decision the Commissioner of the Social Security Administration (Commissioner) denying his claim he is disabled within the meaning of the Act. For the reasons discussed below, I remand this case for further proceedings.

Plaintiff was born on March 20, 1985. Plaintiff filed an application for supplemental security income benefits in October 2004 alleging disability onset at birth. (Tr. 64). He is alleging disability

Page 1 - FINDINGS AND RECOMMENDATION

based on the combined impairments of autism and a seizure disorder. (Tr. 18). He has completed high school and received a modified degree in 2003. (Tr. 20). He has no past work experience. (Tr. 22).

The medical records in this case accurately set forth the Plaintiff's medical history as it relates to his claim for benefits. The court has carefully reviewed the medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be discussed below only as they are relevant to the issues before the court.

## Procedural Background

On October 14, 2004 plaintiff filed an application for a period of disability and disability insurance benefits. The claim was denied initially and upon reconsideration. On October 3, 2007, an Administrative Law Judge (ALJ) held a hearing, and on November 21, 2007, the ALJ issued a decision denying benefits. (Tr. 20.) Plaintiff requested review of the ALJ's decision. On July 14, 2008, the Appeals Council denied review, making the ALJ's decision the Commissioner's final decision that is subject to judicial review. Plaintiff timely filed an action in this court.

## Standard

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996)(citing Sorensen v.

Page 2 - FINDINGS AND RECOMMENDATION

Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## Discussion

Plaintiff asserts that the ALJ erred in concluding that plaintiff's impairments do not meet or equal a listing because he performed an incomplete analysis. (Doc. 29, p. 15). Plaintiff also asserts that the ALJ's finding that plaintiff would be able to sustain full-time work in a competitive environment is not based on substantial evidence and that the ALJ's residual functional capacity assessment is incomplete. (Doc. 29, p. 15, 19). Plaintiff argues that these errors are so severe as to require remand for an award of benefits. (Doc. 42, p. 2). Defendant Commissioner admits that the case should be remanded, but contends that it should be remanded for further administrative proceedings. (Doc. 38, p. 2). I recommend that the District Court remand this case for further proceedings.

## Standard for Reversal

The parties agree that this court should reverse the ALJ's decision; however, they disagree as to whether it should be remanded for further proceedings or remanded for payment of benefits. The court has discretion to remand for further proceedings or for immediate payment of benefits. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000). Which remedy is appropriate turns on the utility of further proceedings. If no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision, a remand for benefits is appropriate. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir.1989).

**Listing Criteria**

Plaintiff contends that the ALJ erred in concluding that plaintiff's impairments do not meet or equal a listing because his analysis was incomplete. (Doc. 29, p. 15). Specifically, plaintiff alleges that the ALJ failed to evaluate plaintiff's seizures when he evaluated the listing criteria. Id. Plaintiff claims that the ALJ never considered whether plaintiff's seizure disorder, in combination with his autism, equals listing 12.20. Id. Defendant admits that the ALJ did not adequately consider whether his seizure disorder in combination with his autism would equal listing 12.10. (Doc. 38, p. 5).

Here, the ALJ selectively considered evidence of plaintiff's conditions, especially those relating to plaintiff's social functioning. For example, the ALJ found that plaintiff is "active in school, meets with members of a college club on a regular basis and does maintain friendships and has done so for years." (Tr. 19). The ALJ stated that there was no evidence plaintiff is avoiding friendships or his friends. Id. The record, however, contains significant evidence of limitations in social functioning. Reports from his teachers and other records indicate that he has

Page 4 - FINDINGS AND RECOMMENDATION

serious problems paying attention, transitioning between daily activities, working cooperatively with other students, and making and keeping friends. (Tr. 174, 175, 176, 178, 247). Dr. Brischetto noted that plaintiff does not have any peers and is reportedly withdrawn at home. (Tr. 318). In addition, plaintiff's father noted that plaintiff does not have friends or engage in social activities. (Tr. 282). This evidence matches the assessment by Dr. Wicher, who stated that plainiff has a marked limitation in social functioning. (Tr. 406).

I cannot credit the limitations suggested by plaintiff's counsel because they have no evidentiary basis. It is unclear whether plaintiff's conditions meet the requirements for a listing under 12.10, or any of the listings standing alone. Further proceedings are necessary for the ALJ to properly consider whether plaintiff's conditions meet the requirements for a listing. For example, the ALJ should consider the testimony of plaintiff's teachers, plaintiff's school and vocational records, Dr. Wicher's assessment, Dr. Brischetto's assessment, and plaintiff's medical record as it related to his seizures. (See tr. 19). If warranted, the ALJ may solicit additional testimony from plaintiff or a physician in order to clarify plaintiff's limitations.

## Vocational Evidence

Plaintiff also argues that the ALJ erred in his residual functional capacity assessment. (Doc. 29, p. 15, 19). Plaintiff contends that the record clearly shows that plaintiff is unable to hold full time employment because the level of supervision and support he would require would be prohibitive. (Doc. 29, p. 18). Furthermore, plaintiff argues that the residual functional capacity assessment is inaccurate since it does not contain a preclusion from all hazards. (Doc. 29, p. 19). Defendant argues that the Commissioner does not know at this point whether plaintiff would be capable of performing any jobs in the national economy. (Doc. 38, p. 5). Defendant

Page 5 - FINDINGS AND RECOMMENDATION

also asserts that additional vocational expert evidence would be helpful in determining the validity of plaintiff's arguments. (Doc. 38, p. 6).

I find that further development of the record is needed. There is insufficient testimony and evidence to determine whether the level of supervision and support required by plaintiff precludes plaintiff from seeking full time employment. It is unclear what plaintiff's limitations are. Furthermore, the ALJ's hypothetical did not adequately account for plaintiff's limitations. For example, the ALJ's hypothetical contained a limitation to "two-step" work (tr. 479), when Dr. Bruschetto found that plaintiff had difficulty with two-step commands, (Tr. 316). The ALJ did not state his reasons for discrediting Dr. Bruschetto's findings. Where a vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, the court will remand for further proceedings rather than payment of benefits. Harman, 211 F.3d at 1180. Additionally, the ALJ did not adequately consider Dr. Lahr's determination that plaintiff be precluded from all hazards. (Tr. 344). Thus, remand is appropriate to allow the ALJ to consider further evidence and assess plaintiff's residual functional capacity.

## Conclusion

I find that the ALJ's non-disability finding is not supported by substantial evidence and recommend that this case be reversed and remanded for further proceedings consistent with this opinon.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

Page 6 - FINDINGS AND RECOMMENDATION

1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

    IT IS SO ORDERED

    DATED this 29 day of April 2010.

                                    THOMAS M. COFFIN
                                    United States Magistrate Judge